**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

v.                                                          Case No. 8:19-cr-397-T-60AEP

MARVIN LEE CARTER, SR.

      Defendant.

_____/

**ORDER DENYING DEFENDANT'S "MOTION TO SUPPRESS"**

This matter is before the Court on Defendant's "Motion to Suppress," filed on

June 23, 2020.  (Doc. 30).  On July 7, 2020, the United States of America filed a

response in opposition to the motion.  (Doc. 32).  After reviewing the motion, response,

court file, and the record, the Court finds as follows:

**Background**

The facts are largely undisputed.  Victims who suffered drug overdoses told law

enforcement officers that they obtained drugs from Defendant Marvin Lee Carter, Sr.

On July 6, 2019, Tampa Police Officer Taylor Hart and other officers went to

Defendant's apartment and knocked on the door.  Defendant answered but asked the

officers to "give him a minute" and closed the door.  Officers stationed in the back of

the apartment observed Defendant through a window as he removed an object from a

closet in the back bedroom and gave it to a woman.

When the officers knocked again, the tenant of the apartment, who subleased a

bedroom to Defendant, answered the door.  He allowed the officers to enter and

consented to a search of the apartment.  While inside, the officers smelled marijuana

coming from the back of the apartment where Defendant's room was located. Looking through the open door and shining a flashlight into Defendant's bedroom, they observed a scale on the dresser with what appeared to be cocaine residue.

At that point, the officers stopped their search to obtain a warrant through an electronic warrant system used by the local state court known as eWarrants. Officer Hart submitted documents to Hillsborough County Court Judge John Conrad that included an affidavit drafted and executed by Hart, an exhibit ("Exhibit A") describing various categories of items, and a proposed warrant also drafted by Hart, which expressly incorporated by reference both the affidavit and Exhibit A.

Judge Conrad issued the electronic warrant. The officers then recommenced the search and seized various items, including a cell phone, a digital scale with purported heroin residue, medical records and court documents, shipping boxes, a bag with 1.7 grams of marijuana, and ammunition.

Defendant has moved to suppress this evidence, arguing that the warrant was so riddled with errors that it is nearly unintelligible and as a result fails to describe the property to be seized with particularity. Defendant also argues that the affidavit and Exhibit A cannot supply the required particularity, because these documents did not "accompany the warrant" at the time of the search. As a result, Defendant argues, the warrant was legally insufficient and the search effectively warrantless.[1]

---

[1] Given the undisputed facts and the Court's resolution of the issues raised in Defendant's motion, no evidentiary hearing is required. *See, e.g.*, *United States v. Horne*, 198 F. App'x 865, 870 (11th Cir. 2006) ("'Like a trial, the purpose of an evidentiary hearing is to resolve disputed issues of fact . . . .'") (internal quotations omitted); *United States v. Richardson*, 764 F.2d 1514, 1527-28 (11th Cir. 1985) (holding that conducting an evidentiary hearing is discretionary and is not required where the assertions in the motion to suppress are general and conjectural or lack sufficient specificity).

## Analysis

The Fourth Amendment to the United States Constitution provides that all persons have the right "to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Supreme Court has generally interpreted this to mean that a search must be based on probable cause and must be executed pursuant to a warrant. *Katz v. United States*, 389 U.S. 347, 356-57 (1967). While some circumstances may allow searches and seizures without a warrant, the Fourth Amendment favors the use of warrants. *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (noting "the Fourth Amendment's strong preference for searches conducted pursuant to a warrant"). To be valid, a warrant must be issued by a neutral and detached magistrate, be supported by probable cause based on oath or affirmation, and must particularly describe the place to be searched and the things to be seized. *Dalia v. United States*, 441 U.S. 238, 255 (1979).

Defendant's motion concedes that the challenged warrant was issued by a magistrate, that it was issued upon probable cause based on oath or affirmation, and that it sufficiently described the premises to be searched.[2] He argues, however, that the warrant was unintelligible and as a result lacked the required particularized description of the property to be seized. The Court disagrees. Defendant seizes on the omission of the word "property" in one sentence of the warrant, but this obvious scrivener's error is easily remedied by reading the sentence in context. The warrant thus directs the officers to search for the "[property] described in this warrant," and

---

[2] Defendant does not argue that Judge Conrad was anything other than detached and neutral but asserts in connection with the good faith exception to the exclusionary rule that he acted as a "rubber stamp" for law enforcement, a point the Court rejects for the reasons discussed below.

the property described in the warrant consists of "MARIJUANA/COCAINE and items described in Exhibit A, which is incorporated by reference and made a part hereof as if repeated in full."

While not a model of draftsmanship, the warrant is hardly "nonsensical" or "unintelligible." The Supreme Court has cautioned courts not to adopt a "grudging or negative attitude" toward warrants, which are drafted by laypersons rather than lawyers, often in haste and under pressure. Courts instead should read them in a commonsense manner, in order to encourage recourse to the warrant process. *Gates*, 462 U.S. at 236. It is well established that the type of scrivener's error Defendant seizes on will not invalidate a warrant. *See, e.g.*, *United States v. Burke*, 784 F.2d 1090, 1092 (11th Cir. 1986); *United States v. Waker*, 534 F.3d 168, 171 (2d Cir. 2008); *United States v. White*, 356 F.3d 865, 869 (8th Cir. 2004); *Velardi v. Walsh*, 40 F.3d 568, 576 (2d Cir. 1994).

Defendant next argues that for an extrinsic document to supply the required particularity, it must both be incorporated by reference into the warrant and also "accompany" the warrant when the search is carried out, citing *Groh v. Ramirez*, 540 U.S. 551 (2004).[3] He contends that here, the affidavit and Exhibit A did not "accompany the warrant." *Groh*, however, is distinguishable because the warrant there had no description of the property at all and did not expressly incorporate the sealed affidavit containing the description. Nor did *Groh* adopt a bright line rule

---

[3] Defendant's argument regarding the affidavit and Exhibit A overlooks the fact that the warrant on its face referred to marijuana, which was one of the items seized from Defendant's apartment. Police searching for the marijuana could properly seize other evidence that could be used against the Defendant, such as the scale and ammunition. *See, e.g., United States v. Smith*, 459 F.3d 1276, 1293 (11th Cir. 2006).

requiring that a document that is expressly incorporated by reference must also "accompany" the warrant at the search.  *See Baranski v. Fifteen Unknown Agents of the Bureau of Alcohol, Tobacco & Firearms*, 452 F.3d 433, 443-44 (6th Cir. 2006) (*en banc*); *United States v. Hurwitz*, 459 F.3d 463, 471 (4th Cir. 2006) ("*Groh* . . . establishes no such rule.")

In all events, Defendant's motion offers no specific facts or details to support his vague assertion that the affidavit did not "accompany" the warrant.  He does not even explain what he means by "accompany" in the context of an electronic warrant, nor does he attempt the facially implausible argument that that the warrant, affidavit, and Exhibit A were not all "present at the search," *Groh*, 540 U.S. at 560, in electronic form or were somehow unavailable to Officer Hart and the other officers conducting the search.[4]

To the extent Defendant argues that an incorporated document must be physically attached to the warrant, such as by stapling, the Supreme Court did not require that in *Groh*, nor does the Eleventh Circuit require it.  *See United States v. Wuaganeux*, 683 F.2d 1343, 1350 n.6 (11th Cir. 1982) (noting that, while courts typically look at both incorporation and attachment of extrinsic documents to a warrant, "[t]hese criteria have not been applied rigidly in every case," and case law mandates "a more flexible approach").  Indeed, such a requirement would make little sense in general, much less in the context of an electronic warrant.  *See United States*

---

[4] Defendant's motion focuses on the time the search was executed and does not argue that Judge Conrad did not have the affidavit and Exhibit A before him when he issued the warrant.

*v. Towne*, 997 F.2d 537, 547-48 (9th Cir. 1993) ("As a matter of principle, a flat rule requiring physical attachment would make little sense").

Nor does the Fourth Amendment require that the warrant and incorporated documents be given to or read aloud to the property owner before the search.  *See Groh,* 540 U.S. at 562 n.5; *see also United States v. Grubbs*, 547 U.S. 90, 98-99 (2006). Indeed, while Federal Rule of Criminal Procedure 41 and Florida law require that a copy of the warrant be left with the property owner after the search, failure to do so is not grounds for suppression unless the owner is prejudiced or the officers deliberately violated the rule.  *See, e.g., United States v. Loyd*, 721 F.2d 331, 333 (11th Cir. 1983). As such, the Court concludes that the search warrant was valid and the search reasonable.

However, even if the warrant were invalid, seized evidence may still be admitted if officers reasonably relied in objective good faith on a subsequently invalidated warrant that was issued by a detached and neutral magistrate.  *See United States v. Leon*, 468 U.S. 897, 914-26 (1984); *United States v. Sutton*, No. 8:04-cr-325-T-17TBM, 2007 WL 705044, at *5 (M.D. Fla. March 2, 2007) (citing *Leon*). Defendant concedes that Officer Hart and his fellow officers had consent to search the apartment, and that when the officers saw a reason to search Defendant's bedroom, they stopped the search and obtained a warrant.  That is precisely what they should have done.  Defendant presents no facts suggesting the officers failed to act reasonably and in good faith.

Even if Defendant's arguments that the warrant is poorly drafted had merit, it would not have been unreasonable for Officer Hart to rely on the warrant in the belief

Page 6 of 7

that it was valid.  *See, e.g., United States v. Hamilton*, 591 F.3d 1017, 1028-29 (8th Cir. 2010) (holding that, even if words of incorporation were less than clear, it was objectively reasonable for law enforcement officers to rely on warrant).  For the same reason, the warrant is not so facially deficient as to suggest Judge Conrad acted as a mere "rubber stamp" or adjunct to law enforcement.  *See Leon*, 468 U.S. at 914.

Finally, evidence should be suppressed under the exclusionary rule only when warranted to deter violations of the Fourth Amendment.  *See, e.g., Davis v. United States*, 564 U.S. 229, 237-40 (2011).  That is not the case here.  Any marginal deterrent benefit of suppression would be greatly outweighed by the risk of letting a possibly guilty criminal go free.  *See Hamilton*, 591 F.3d at 1027-28.  Suppressing this evidence would be "wildly out of proportion to [any] wrong" committed by law enforcement. *United States v. Adams*, No. 6:16-cr-11-Orl-40GJK, 2016 WL 4212079, at \*7 (M.D. Fla. Aug. 10, 2016) (quoting *United States v. Berkos*, 543 F.3d 392, 396 (7th Cir. 2008)).

Accordingly, Defendant's "Motion to Suppress" (Doc. 30) is hereby **DENIED**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 15th day of September 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**